# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Electrum Partners, LLC and Leslie Bocskor, | Case No.: 2:17-cv-03106-JAD-CWH |
| Petitioners | **Order Denying Petition to Compel Arbitration Without Prejudice** |
| v. | [ECF No. 1] |
| Pamela Johnston, | |
| Respondent | |

Electrum Partners, LLC and Leslie Bocskor petition this court under the Federal Arbitration Act (FAA) to compel Pamela Johnston to arbitrate employment-related disputes with them.[1] I find that Electrum and Bocskor have not discharged their burden to show that a valid arbitration agreement exists between them and Johnston because their evidence is not authenticated, their arguments are thin, and their factual allegations are not verified or otherwise attested to. So I deny their petition to compel arbitration without prejudice to their ability to reurge it in a properly supported motion.

## Discussion

The district court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."[2] The party seeking to compel arbitration has the burden to show that both of these

---

[1] ECF No. 1 (petitioning under 9 U.S.C. § 4). Johnston has not properly responded to the petition to compel arbitration. Attorney John T. Brennan sent a letter to the court on behalf of Johnston offering reasons why the court should deny the petition, but I disregarded that letter in a minute order because it is prohibited by Local Rule IA 7-1(b), and I cautioned Brennan that "if he wants the court to consider [Johnston's] position," that she or her attorney "must file documents in accordance with the rules of this court." ECF No. 7. Neither Johnston nor anyone on her behalf filed any documents in this case.

[2] *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (collecting authorities).

questions must be answered in the affirmative.[3] "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms."[4]

To show that a valid arbitration agreement exists between them and Johnston, Electrum and Bocskor provide an independent-contractor agreement that purports to be between Electrum as the company and non-party Cloud 12 Group Inc. as the consultant.[5] The contractor agreement is signed by Johnston on behalf of Cloud 12 as that entity's president[6] and contains a separate agreement to arbitrate.[7] District courts "'apply ordinary state-law principles that govern the formation of contracts'" to determine whether a valid agreement to arbitrate exists.[8] I apply Nevada law because the contractor agreement states that it must be construed with and is governed by the substantive and procedural laws of the State of Nevada.[9] Under Nevada law, "a nonsignatory may be bound to an arbitration agreement if so dictated by the ordinary principles of contract and agency."[10] "[T]heories for binding nonsignatories to arbitration agreements" in Nevada include: (1) "incorporation by reference"; (2) "assumption"; (3) "agency"; (4) "veil-piercing/alter ego"; and (5) "estoppel."[11]

---

[3] *Nguyen v. Barnes and Noble, Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014); *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

[4] *Chiron Corp.*, 207 F.3d at 1130.

[5] ECF No. 1-1 at 2.

[6] *Id.* at 8.

[7] *Id.* at 8, § 23.

[8] *Norcia v. Samsung Telcomm. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 983, 944 (1995)).

[9] ECF No. 1-1 at 8, § 22.

[10] *Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 189 P.3d 656, 634 (Nev. 2008) (internal quotation marks and quoted reference omitted).

[11] *Id.* at 634–35 (collecting authorities).

Electrum and Bocskor claim that Johnston should be bound by Cloud 12's agreement to arbitrate under alter-ego or estoppel theories.[12] Electrum and Bocskor must establish either theory by a preponderance of the evidence to prevail on their petition to compel arbitration.[13] But their factual allegations are not verified or otherwise attested to, and the contractor agreement that they rely on is not authenticated. Their points on these theories are also more allegation than argument. I therefore conclude that the evidence in the record is not sufficient to compel Johnston to participate in arbitration as a nonsignatory.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Electrum and Bocskor's petition to compel arbitration **[ECF No. 1] is DENIED without prejudice to their ability to reurge it in a properly supported motion.**

Dated: July 9, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[12] *See generally* ECF No. 1.

[13] *See Norcia*, 845 F.3d at 1283 (applying California law); *accord Truck Ins. Exch.*, 189 P.3d at 635–38 (explaining that alter ego "must be established by a preponderance of the evidence" and affirming trial court's denial of motion to compel arbitration because there was no agreement between the parties and "the record was not sufficient to compel" the opposing party "to participate in arbitration as a nonsignatory" under alter-ego or estoppel theories).